IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC RICHARDSON, | ) | |
| Petitioner, | ) | Civil Action No. 13-110 Erie |
| | ) | |
| v. | ) | Chief District Judge Sean J. McLaughlin |
| | ) | Magistrate Judge Susan Paradise Baxter |
| DANIEL P. BURNS, et al., | ) | |
| Respondents. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

State prisoner Eric Richardson has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [ECF No. 4]. Federal district courts have a pre-service duty to screen and summarily dismiss habeas petitions that plainly show the petitioner is not entitled to relief. 28 U.S.C. § 2243. See also Rule 4 of the Rules Governing Section 2254 Cases (which also applies to § 2241 cases). For the reasons set forth below, it is recommended that the Court summarily dismiss Richardson's petition and deny a certificate of appealability.

**II.    REPORT**

  **A.    Background**

Richardson is a currently confined at the State Correctional Institution Forest, which is located in Marienville, Pennsylvania. From the petition he has filed and the documents he has attached thereto, it appears that on February 20, 2013, he was found guilty of misconduct number B321513 for using abusive, obscene or inappropriate language to an employee. Richardson claims that his constitutional rights were violated during the disciplinary misconduct proceeding. Specifically, he argues, among other things, that there was insufficient evidence to establish that he committed the misconduct, that the report

1

of it was served upon him in an untimely fashion, that he was denied assistance, that he was improperly placed in prehearing confinement, that he was unable to visit the law library to prepare his defense, and, that the misconduct report was false and the sergeant who prepared it committed perjury and ethical violations.

The only sanction that Richardson mentions that he received was that he was put "on cell restriction for more than 30 days." [ECF No. 1-1 at 6]. As relief, he wants this Court to issue an order directing that the misconduct be stricken from his record.

**B. Discussion**

Richardson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 must be summarily dismissed for two reasons. The first reason is that he cannot proceed under § 2241. Because he is a state inmate in custody pursuant to a state court judgment of sentence, any request for habeas corpus relief that he pursues must be made under 28 U.S.C. § 2254. As explained in a leading treatise:

> The vast majority of courts have concluded that, although the texts of § 2241 and § 2254 appear similar in their grant of jurisdiction, § 2254 is the exclusive avenue for a state prisoner challenging the constitutionality of his detention. Section 2254 is properly understood as in effect implementing the general grant of habeas corpus authority found in § 2241, even if the petitioner is not challenging the underlying state court conviction (e.g., challenges to parole determinations), so long as the person is in custody pursuant to the *judgment* of a state court…. If, however, the petitioner is in custody pursuant to something *other than a judgment* of a state court (e.g., pre-trial detention, pre-trial bond order, awaiting extradition, or other forms of custody that are possible without a conviction), he made proceed under 28 U.S.C. § 2241.

Brian R. Means, FEDERAL HABEAS MANUAL § 1:34 (May 2013) (emphasis in original) (citing, *inter alia*, Coady v. Vaughn, 251 F.3d 480, 484-85 (3d Cir. 2001) ("It is a well-established canon of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one…. In the instant action, both Sections 2241 and 2254 authorize Coady's challenge to the legality of his continued state custody…. applying the 'specific governs the general'

2

canon of statutory construction to this action, we hold that Coady must rely on Section 2254 in challenging the execution of his sentence."); and, Felker v. Turpin, 518 U.S. 651 (1996) ("Our authority to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment of a State court.'")).

The second reason that Richardson's petition must be summarily dismissed is that his claims are not cognizable in a federal habeas corpus action.[1] A habeas corpus petition is for challenging the fact of a criminal conviction or the duration of a sentence and its function is to secure release from illegal custody. See, e.g., Preiser v. Rodriguez, 411 U.S. 475, 484-87 (1973). McGee v. Martinez, 627 F.3d 933 (3d Cir. 2010); Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). In McGee v. Martinez, 627 F.3d 933 (3d Cir. 2010), the U.S. Court of Appeals for the Third Circuit explained:

> The "core" habeas corpus action is a prisoner challenging the authority of the entity detaining him to do so, usually on the ground that his predicate sentence or conviction is improper or invalid. See Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002). Title 28, section 2241 of the United States Code "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). See also Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). For instance, the habeas petitioner in Woodall challenged a Bureau of Prisons regulation that capped his end-of-sentence time in a halfway house at ten percent of his total sentence (there, eleven weeks); the [district court's] judgment had specified that the petitioner would spend six months in such a facility. We observed that "[c]arrying out a sentence through detention in a [halfway house] is very different from carrying out a sentence in an ordinary penal institution," and therefore concluded that "Woodall's petition crosses the line beyond a challenge to, for example, a garden variety prison transfer." 432 F.3d at 243. That qualitative difference was sufficient to mark Woodall's challenge as one that went to the "execution" of his sentence, and that was thus cognizable under § 2241. Id.
>
> In contrast, *"when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, [a civil rights] action under § 1983 [or, for federal prisoners, Bivens] is appropriate."* Leamer, 288 F.3d at 542. That is, the fact that a civil rights claim is filed by a prisoner rather than by an unincarcerated individual does not turn a § 1983 case or a Bivens action into a habeas

---

[1] Because Richardson cannot proceed with his claims in a habeas corpus action, the Court will not convert his petition into one filed pursuant to 28 U.S.C. § 2254.

3

> petition. This is true even where the complained-of condition of confinement creates, as a secondary effect, the possibility that the plaintiff will serve a longer prison term than that to which he would otherwise have been subject. The petitioner in Leamer was a state prisoner whose behavioral problems had led to his placement on "Restricted Activities Program" status, which barred him from attending therapy sessions that were a condition precedent to his parole eligibility. We concluded that, even though a ruling in the petitioner's favor would have assisted him in obtaining parole eligibility and thus a shorter prison stint, the action was "aimed at a condition of his confinement." Id. at 543. Where the petition is couched as a challenge to the duration of a prisoner's sentence, we held, "[t]he operative test ... is not whether Learner would, if successful, be able to appear before the Parole Board. It is whether a favorable determination of Learner's challenge would necessarily imply that he would serve a shorter sentence...." Id. *Taking Woodall and Leamer together, the question to be asked is whether granting the petition would "necessarily imply" a change to the fact, duration, or execution of the petitioner's sentence.*

Id. at 935-36 (emphasis added).

Richardson clearly is not challenging the fact of his criminal conviction, and there is no basis to conclude that if he received the habeas relief that he seeks that it would "necessarily imply" a change in the duration of his sentence. Leamer, 288 F.3d at 543; McGee, 627 F.2d at 935-36. It is true that *federal* prisoners often bring § 2241 petitions in this Court in which they challenge disciplinary action taken against them by the Federal Bureau of Prisons. That is because the United States government utilizes a determinate sentencing scheme in which a district court sentences defendants to a flat sentence and they may earn credit for good behavior to reduce the overall length of their sentences. 18 U.S.C. § 3624(b). See, e.g., Denny v. Schultz, 708 F.3d 140, 143-44 (3d Cir. 2013).[2] Federal prisoners often receive as a disciplinary sanction the loss of good conduct time credits. When they do, they may contest their disciplinary action in a habeas corpus petition because the challenged action affected the duration of his or her sentence. See, e.g., Queen v. Miner, 530 F.3d 253, 254 n.2 (3d Cir. 2008) (per curiam). In contrast, Pennsylvania has no system of good time credits and disciplinary actions do not, unlike in other

---

[2] "When such a statutorily created right exists, 'a prisoner has a constitutionally protected liberty interest in good time credit.'" Denny, 708 F.3d at 143-44 (citing Young v. Kann, 926 F.2d 1396, 1399 (3d Cir. 1991), which cited Wolff v. McDonnell, 418 U.S. 539, 556-57 (1974)).

4

jurisdictions, affect the length of the judicially imposed sentence. Pennsylvania uses an indeterminate sentencing scheme, under which a sentencing court imposes both a minimum and a maximum term. Once the prisoner completes the minimum term of incarceration, it is up to the Pennsylvania Board of Probation and Board to determine when (and if) an inmate will be released before serving the maximum sentence imposed by the court. See, e.g., Fordham v. Commonwealth, Dep't of Corrs., 943 A.2d 1004 (Pa.Commw.Ct. 2008).

Accordingly, because the sanctions Richardson received as a state inmate could not have "necessarily implied" a change in the duration of his sentence, he may not challenge the result of his misconduct proceeding in a habeas corpus action. See FEDERAL HABEAS MANUAL § 1:34 ("While 'prisoners who want to challenge their convictions, their sentences, or administrative orders revoking good-time credits or equivalent sentence-shortening devices, must seek habeas corpus, because they contest the fact or duration of custody[,] [s]tate prisoners who want to raise a constitutional challenge to any other decision, such as transfer to a new prison, administrative segregation, exclusion from prisoner programs, or suspension of privileges, must instead employ § 1983 or another statute authorizing damages or injunctions.'" (bracketed text in original, quoting Moran v. Sondalle, 218 F.3d 647, 650-51 (7th Cir. 2000)).

Finally, any claim by Richardson that he is challenging the "execution" of his sentence must be rejected. The Third Circuit Court of Appeals has explained that the meaning of "execution of the sentence" does not encompass the circumstances presented in Richardson's petition:

> We considered this issue [the meaning of "execution of the sentence"] in detail in Woodall. There, the sentencing court specifically included in its sentencing judgment a recommendation that the petitioner "spend the last six months of his sentence in a halfway house[,]" in accordance with 18 U.S.C. § 3624(c). Woodall, 432 F.3d at 238. Despite this recommendation, BOP refused to place Woodall in a [halfway house] for more than ten weeks, citing its own internal regulations. Woodall filed a habeas petition

5

under § 2241, challenging BOP's decision to limit his placement in a [halfway house] to ten weeks.

We held that Woodall's claim concerned the execution of his sentence, and was properly brought under § 2241. We defined execution as meaning "to 'put into effect' or 'carry out.'" Woodall, 432 F.3d at 243 (quoting Webster's Third New Int'l Dictionary 794 (1993)). Woodall was challenging the inconsistency between the sentencing court's recommendation and BOP's refusal to abide by that recommendation. As we noted, "[c]arrying out a sentence through detention in a [halfway house] is very different from carrying out a sentence in an ordinary penal institution." Id. Because Woodall's habeas petition claimed that BOP was not "carrying out" his sentence as directed, we held that his petition was reviewable under § 2241.

Similarly, in McGee v. Martinez, 627 F.3d 933, 936-37 (3d Cir.2010), the petitioner was sentenced to 120-months imprisonment and assessed a $10,000 fine. The sentencing judgment provided that while the petitioner was in prison, "[p]ayment [of the fine] is to be made from prison earnings at a rate of $20.00 per month[.]" Id. at 934. Despite this specified rate of repayment in McGee's sentencing judgment, BOP placed McGee on an Inmate Financial Responsibility Plan ("IFRP") that required McGee to make payments at a rate of $25 per month. McGee filed a habeas petition under § 2241, challenging BOP's decision to increase the rate of repayment in his IFRP beyond the rate provided for by the sentencing court.

Again, we held that McGee's claim concerned the execution of his sentence, and was properly brought under § 2241. In so holding, we emphasized the fact that McGee's petition was "at bottom, a challenge to the IFRP and its requirement that McGee pay [$25 per month] when his sentence ... requires only $20 per month[.]" Id. at 937. Indeed, we characterized McGee's petition as "argu[ing] that the payment terms imposed by [BOP] (in the IFRP) are illegal in that they conflict with the terms imposed by the sentencing court (in the judgment)." Id.

The petitions in Woodall and McGee *both challenged BOP conduct that conflicted with express statements in the applicable sentencing judgment*. That is, both petitions claimed that the BOP was not properly "'put[ting] into effect' or 'carr[ying] out' the directives of the sentencing judgment. Woodall, 432 F.3d at 243; ... For that reason, we held that Woodall and McGee's petitions concerned the execution of their sentences, and that § 2241 authorized a federal district court to exercise jurisdiction over both petitions.

In order to challenge the execution of his sentence under § 2241, Cardona would need to allege the BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment. Cardona has failed to do so here. He has not alleged that BOP's conduct was inconsistent with any express command or recommendation in his sentencing judgment. Indeed, at oral argument, Cardona conceded that there was nothing in the judgment forbidding, or even concerning, his placement in

> the SMU. Cardona's petition simply does not concern how BOP is "carrying out" or "putting into effect" his sentence, as directed in his sentencing judgment. Consequently, Cardona has not challenged the execution of his sentence, such that the District Court would have jurisdiction over his petition under § 2241.

Cardona v. Bledsoe, 681 F.3d 533, 536-37 (3d Cir. 2012) (bracketed text in original; footnote omitted; emphasis added). Similar to the petitioner in Cardona, Richardson's petition does not concern how the Pennsylvania Department of Corrections is "carrying out" or "putting into effect" the sentence the Court of Common Pleas imposed upon him. The placement in a Special Management Unit (in Cardona's case) or in cell restriction (in Richardson's case) cannot be challenged in an habeas corpus action.

If anything, Richardson is challenging in his petition "a condition of confinement such that a finding in [his] favor would not alter his sentence or undo his conviction." Leamer, 288 F.3d at 542. Accordingly, he must bring his claims in civil rights action filed under 42 U.S.C. § 1983. See generally FEDERAL HABEAS MANUAL § 1:34. See, e.g., Leamer, 288 F.3d at 542.

Based upon all of the foregoing, Richardson's § 2241 petition must be summarily dismissed.

### C. Certificate of Appealability

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. AEDPA limits the issuance of a certificate of appealability to circumstances where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). See also Slack v. McDaniel, 529 U.S. 473, 484 (2000). Richardson has failed to allege the denial of a constitutional right that would entitle him to habeas relief, let alone demonstrate a substantial showing of the denial of such a right. Accordingly, it is recommended that no certificate of appealability should issue.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Richardson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 be summarily dismissed and that a certificate of appealability be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Richardson may objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).


Dated: June 20, 2013  /s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

cc: The Honorable Sean J. McLaughlin
Chief United States District Judge